UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                   :

MOTORCARS HONDA, INC.         :

            Plaintiff,      :       CASE NO. 1:15-CV-02274

                   :

vs.                      :       OPINION & ORDER

                   :       [Resolving Doc. 6]

TECHAID AUTO SYSTEMS, INC., et al., :

                   :

         Defendants.     :

                   :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this breach of contract and unjust enrichment case, Defendant Bruce Madden moves to dismiss Plaintiff Motorcars Honda, Inc.'s ("Motorcars") complaint under Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the Court **GRANTS** Defendant Madden's motion.

With his November 4, 2015 motion, Madden says that the agreement for a Semi-Automated Vehicle Servicing System that underlies Plaintiff Motorcars' complaint is between Plaintiff and Defendant TechAid Auto Systems, Inc. ("TechAid"). Defendant Madden is president of TechAid. Defendant Madden says that he signed the contested agreement as TechAid's president but is not a party to the agreement and is therefore not liable for any alleged harm to Plaintiff.

Plaintiff did not respond to Defendant Madden's motion to dismiss within this Court's set time limit.[2]

Furthermore, this Court agrees that Plaintiff does not make out a claim against Defendant Madden. "It is fundamental contract law that one cannot be liable for a breach of contract unless

---

[1] Doc. 6.

[2] *See* third non-document docket entry dated February 16, 2016.

Case No. 15-cv-2274
Gwin, J.

one is a party to that contract."[3] Presidents act as representatives of the company when signing

agreements. They are not parties to the agreement unless some language in the agreement shows

an intent for the president to also be a party.[4] In this case, the agreement does not indicate that

Defendant Madden is a party to the contract. Plaintiff makes no showing that corporate veil

piercing or any other method of attaching individual liability to Defendant Madden applies.

Therefore, this Court cannot give Plaintiff the relief it seeks from Defendant Madden in its

complaint.

The Court **GRANTS** Defendant Madden's motion to dismiss.


IT IS SO ORDERED.



Dated: March 1, 2016                                    _s/_____James S. Gwin_____
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[3] *Electron Energy Corp. v. Short,* 597 A.2d 175, 177 (Pa. Super. 1991) *aff'd*, 618 A.2d 395 (Pa. 1993) (citing *Viso v. Werner*, 369 A.2d 1185 (Pa. 1977)).
[4] *Id.* at 568 (citing *Viso*, 369 A.2d at 1188 (1977)).